CHARLES C. LANDT *et al.*

*v.*

JAMES C. McCULLOUGH.

*Opinion filed December 20, 1905.*

1. EVIDENCE—*what sufficient explanation of alterations in lease.* Uncontradicted evidence that the erasures, alterations and interlineations in a lease were there when the lease was executed by the parties and that the lease was in the same condition when it was offered in evidence as it was when it was signed by the parties, and that the assignees under the lease were given a copy thereof and had paid rent under the lease, justifies the court in admitting the lease in evidence in an action against the assignees for rent.

2. SAME—*what sufficient proof of entry under lease.* In an action against assignees of a lease for back rent, proof that the assignment, which specifically named the defendants as assignees, was filed for record and that the defendants thereafter for several years paid rent to the plaintiff, is sufficient to show that the defendants entered into possession under the assignment of the lease.

3. SAME—*when proof of payment of taxes is proper in action for back rent.* Where the lease set out *in hæc verba* in the declaration in an action for back rent authorizes the lessor to pay taxes after they became due and provides that the amount so paid shall be re-paid by the lessee at the next rent day, proof of the provisions of the lease, together with a receipt for taxes paid by the lessor, is proper, where the amount is laid in the declaration under a *videlicet* and the objection of variance is general, and not specific.

4. PRACTICE—*demurrer to the evidence must be in writing.* A demurrer to the evidence must be in writing, and a verbal demurrer to the evidence, although overruled by the court, is not sufficient.

5. INSTRUCTIONS—*following verbal instruction with its duplicate in writing is sufficient.* The statute requiring instructions to be in writing is complied with where an oral instruction to return a certain verdict is immediately afterwards reduced to writing by the court and given to the jury.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

Upon March 20, 1889, appellee, James C. McCullough, entered into a written lease with James M. Stebbins for certain property for a term of fifty years, commencing May 1, 1889, at a yearly rental of $1050 for the first sixteen years, payable in quarterly installments. The lessee was to pay all taxes before application for judgment was made on the same, but the lessor also had the right to pay such taxes at any time after they became due and add the amount to the yearly rental. The lessee, as security for the rent, taxes and assessments, was to erect certain buildings on the premises and keep them insured and in repair. At the end of sixteen years the ground was to be re-valued and the amount of rent fixed upon the basis of the re-valuation. The lease was not to be assigned within the first twenty-five years without the consent of the lessor. On October 12, 1892, the lease was assigned by Stebbins, with the consent of the appellee, to the appellants. The assignment by Stebbins and the consent of the appellee were in writing, duly acknowledged, and recorded in the recorder's office of Cook county on October 17, 1892. On October 21, 1901, appellee began suit against appellants for $787.50 back rent from November 1, 1900, together with $216.76 taxes paid by appellee. Upon a hearing before the court and a jury judgment was rendered in his favor for $1000, and the same has been affirmed by the Appellate Court.

JOHN S. HUEY, for appellants.

E. W. ADKINSON, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

It is first insisted by counsel for appellants that the lease in question was improperly admitted in evidence because it contained certain erasures, interlineations and alterations which were not properly explained. Appellee testified that

all of these erasures, interlineations and alterations were made before the lease was signed, and that it was in the same condition when it was offered in evidence that it was when it was signed by the parties; that two copies of it were made at the time of its execution, one being retained by Stebbins and the other by himself; that Stebbins had paid rent under the lease from 1889 until it was assigned, in 1892; that at the time of the assignment one copy was given to the appellants and one copy retained by him, and a copy was filed for record in the recorder's office of Cook county; that appellants paid rent under the assignment until November 1, 1900. This evidence was clearly sufficient to explain any erasures, interlineations or alterations in the instrument, and as the evidence was not contradicted in any way, the court committed no error in admitting the instrument in evidence.

It is next insisted that the evidence does not show that the lease was accepted by James M. Stebbins at the time it was made or that the appellants entered into possession under the assignment. Again, the testimony of appellee shows that the instrument was drawn by Stebbins and the alterations were made by him. He paid rent under it for several years, and then assigned it, under his hand and seal, to appellants. After all of these acts it is difficult to see how it can seriously be contended that he did not accept the lease. Nor do we see how it can be claimed, under the evidence, that the appellants did not enter into possession of the premises under the assignment. The assignment was special and specifically named the appellants. It was filed for record, and they paid rent to appellee for several years thereafter. This, of itself, was sufficient proof of their entry under the lease.

It is next insisted that the trial court erred in admitting evidence as to the payment of the taxes for 1900 by appellee. The lease was set out *in hæc verba* in the declaration, and shows that the appellee had the right to pay the taxes at any

218—39

time after they became due, and in case he did pay them they were to be re-paid to him as rent at the next date when the rent became due. The taxes, amounting to $213.35, were paid by him on May 28, 1901, after they were due, and the receipt for the same was offered in evidence, together with the lease authorizing the payment. There was no variance between the proof and the declaration as to the amount because the amount was laid in the declaration under a *videlicet,* and even if there had been, it should have been specifically pointed out to the trial court, where it could have been corrected.

It is further contended that there was no proof as to the amount of rent due appellee. The lease which was offered in evidence shows a yearly rental of $1050, payable quarterly on the first days of August, November, February and May of each year. The declaration alleged that $787.50 of rent was in arrears from November 1, 1900. Counsel for appellee under oath testified that the total amount due was $1167, including $213.35 taxes. This evidence was in no way disputed nor contradicted and was sufficient upon which to base the judgment.

After all of the evidence on behalf of appellee had been introduced, counsel for appellants attempted to demur to the evidence verbally. The court asked if they had any evidence to offer in defense. They replied that they had not until the court passed upon their demurrer. The court replied that he had intended to dispose of the demurrer by an instruction, but that he would overrule it. Counsel thereupon elected to stand by their demurrer. It is well settled that a demurrer to evidence must be in writing. Moreover, as we have seen, there was no ground for such a demurrer.

The court instructed the jury to render a verdict for $1000, which they did. It is claimed by the appellants that this instruction was given by the court orally, in violation of the statute. There is nothing in the record to indicate that it was not in writing. Even if it was oral in the first

place, as claimed, the court immediately prepared one in writing in the exact words of the alleged oral one, and gave it to the jury. Under these circumstances the statute was sufficiently complied with.

We find no reversible error, and the judgment of the Appellate Court will be affirmed.          *Judgment affirmed.*